IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE RAMIRO GARZA CANTU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-MC-0333 |
| | § | |
| BILLY R. FLANIGAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Billy R. Flanigan filed this miscellaneous action in 2008. Flanigan sought a protective order against a subpoena issued in this court requiring him to appear for a deposition under Federal Rule of Civil Procedure 45. The subpoena had been issued in connection with a judgment rendered against Flanigan by the Federal District Court in the Eastern District of New York. That judgment was in favor of Jose Ramiro Garza Cantu and was based on defamatory statements made by Flanigan about Perez. The complaint filed in the Eastern District of New York alleged that Flanigan had made the statements as part of a scheme to extort Perez's assistance in Flanigan's effort to collect a judgment he had obtained against a labor union in Mexico over twenty years ago. After the trial resulted in a judgment for Flanigan, Perez attempted to take Flanigan's deposition as part of postjudgment discovery. The subpoena issued in the Southern District of Texas was part of that discovery.

Flanigan is now representing himself. He identifies himself in pleadings as a "Secured party and Beneficiary to the Public Trust, a freeman, Sui Juris, Appearing Specially, Not Generally Or Voluntarily, In propria persona." Flanigan is unhappy with the rulings of the judge initially assigned to this case. He filed a pleading entitled "Conditional Acceptance of your Offer; And, Evidence of

Criminal Fraud; Conspiracy to Commit Criminal Fraud; and Extortion against Me and Treason with a blatant violation of the 'Sherman Antitrust Act' By the Unlawful Monopoly known as the BAR Association." (Docket Entry No. 46). He included allegations against Judge Melinda Harmon, or as Flanigan referred to the judge, "Melinda: Family of Harmon and Melinda: Family of Harmon d/b/a/ Melinda Harmon Attorney and UNITED STATES™ DISTRICT COURT JUDGE [hereinafter Melinda]." In this filing, Flanigan alleged that Judge Harmon had abused her power by denying Flanigan's motion for protective order and holding him in contempt of court in 2008 and signing an order to show cause for contempt in May 2010. The United States Attorney's Office has filed a motion to dismiss on behalf of Judge Harmon, based on judicial immunity. (Docket Entry No. 55). Flanigan has responded by filing documents entitled "Notice of Default, Three (3) Day Notice to Cure," demanding payment of $1 million within three days. (Docket Entry No. 60, 61, 62).

The motion to dismiss filed on behalf of Judge Harmon is granted. The pleadings filed by Flanigan make it clear that the basis of his allegations against Judge Harmon is the rulings she made in this miscellaneous action that he filed. All the criteria for finding that the challenged actions are covered by absolute judicial immunity are met. *See, e.g.*, *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

Flanigan has also filed a motion stating that he believes all judges in this division are "conflicted" with respect to his case except for two judges, whom he names. (Docket Entry No. 63). Flanigan has not identified any basis for the undersigned to recuse. Under 28 U.S.C. § 455(a), "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) is an objective inquiry. The standard is whether a reasonable and objective person, knowing all of the facts, would harbor doubts

concerning the judge's impartiality. *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (citing *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860-61, 108 S. Ct. 2194, 2203, 100 L.Ed.2d 855 (1988)). The issue is "how things would appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person" in determining whether recusal is warranted. *Id*. at 156. "A remote, contingent, and speculative interest . . . does not create a situation where a judge's impartiality might reasonably be questioned." *In re Placid Oil Co.*, 802 F.2d 783, 787 (5th Cir. 1986); *In the Matter of Billedeaux*, 972 F.2d 104, 106 (5th Cir. 1992).

The claims against Judge Harmon are barred by immunity and are legally and factually frivolous. The claims are dismissed, with prejudice.

Flanigan has also filed motions for leave to file an amicus brief on behalf of the United States Treasury Department, (Docket Entries No. 41, 42). These motions are denied as frivolous on their face.

Flanigan has also moved for an order for a writ of garnishment against the Federal Reserve Bank to assist him in collecting the 1986 judgment he asserts he holds against the Petroleum Workers Union of the Republic of Mexico. Flanigan asserts that he is now owed in excess of one billion seven hundred and fifty million dollars. Flanigan has failed to meet the requirements to obtain a writ of garnishment. The motions are denied. (Docket Entry No. 49, 53)

SIGNED on February 14, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge