IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE RAMIRO GARZA CANTU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISC ACTION NO. H-08-0333 |
| | § | |
| BILLY R. FLANIGAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The lengthy litigation involving Billy R. Flanigan includes this miscellaneous action cited in 2008. Flanigan sought a protective order against a subpoena issued in this court requiring him to appear for a deposition under Federal Rule of Civil Procedure 45. The subpoena had been issued in connection with a judgment rendered against Flanigan by the Federal District Court in the Eastern District of New York. That judgment was in favor of Jose Ramiro Garza Cantu and was based on defamatory statements made by Flanigan about Perez. The complaint filed in the Eastern District of New York alleged that Flanigan had made the statements as part of a scheme to extort Perez's assistance in Flanigan's effort to collect a judgment he had obtained against a labor union in Mexico over twenty years ago. After the trial resulted in a judgment for Flanigan, Perez attempted to take Flanigan's deposition as part of postjudgment discovery. The subpoena issued in the Southern District of Texas was part of that discovery. Flanigan is now representing himself. He identifies himself in pleadings as a "Secured party and Beneficiary to the Public Trust, a freeman, Sui Juris, Appearing Specially, Not Generally Or Voluntarily, In propria persona." Flanigan is unhappy with the rulings of the judge initially assigned to this case. He filed a pleading entitled "Conditional Acceptance of your Offer; And, Evidence of Criminal Fraud; Conspiracy to Commit Criminal Fraud;

and Extortion against Me and Treason with a blatant violation of the 'Sherman Antitrust Act' By the Unlawful Monopoly known as the BAR Association." (Docket Entry No. 46). He included allegations against Judge Melinda Harmon, or as Flanigan referred to the judge, "Melinda: Family of Harmon and Melinda: Family of Harmon d/b/a/ Melinda Harmon Attorney and UNITED STATES™ DISTRICT COURT JUDGE [hereinafter Melinda]." In this filing, Flanigan alleged that Judge Harmon had abused her power by denying Flanigan's motion for protective order and holding him in contempt of court in 2008 and signing an order to show cause for contempt in May 2010. The United States Attorney's Office filed a motion to dismiss on behalf of Judge Harmon, based on judicial immunity. (Docket Entry No. 55).

This court granted the motion to dismiss filed on behalf of Judge Harmon based on judicial immunity. *See, e.g.*, *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

After this court's ruling, Jose Ramiro Garza Cantu also moved to dismiss the allegations (Docket Entry No. 46 and in Docket Entry No. 68) levied against him. (Docket Entry No. 65,66,70). The motions to dismiss are granted.

Flanigan also filed a motion appearing to ask this judge to recuse. (Docket Entry No. 68). Flanigan has not identified any basis for recusal. Under 28 U.S.C. § 455(a), "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) is an objective inquiry. The standard is whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality. *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (citing *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860-61, 108 S. Ct. 2194, 2203, 100 L.Ed.2d 855 (1988)). The issue is "how things would appear to the well-informed, thoughtful and objective

2

observer, rather than the hypersensitive, cynical, and suspicious person" in determining whether recusal is warranted. *Id.* at 156. "A remote, contingent, and speculative interest . . . does not create a situation where a judge's impartiality might reasonably be questioned." *In re Placid Oil Co.*, 802 F.2d 783, 787 (5th Cir. 1986); *In the Matter of Billedeaux*, 972 F.2d 104, 106 (5th Cir. 1992).

      SIGNED on January 18, 2012, at Houston, Texas.

                                              Lee H. Rosenthal
                                          United States District Judge